**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| OUYEINC LTD.,<br><br>                    Plaintiff,<br><br>        v.<br><br>INDIVIDUALS, PARTNERSHIPS, AND<br>UNINCORPORATED ASSOCIATIONS<br>ON SCHEDULE "A,"<br><br>                    Defendants. | Case No. 20-cv-03491<br><br>Judge John Virginia M. Kendall<br><br>Magistrate Judge Sheila M. Finnegan |

## PLAINTIFF'S RESPONSE TO DEFENDANT SANMUBO HAT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)

NOW COMES Plaintiff Ouyeinc LTD. ("Plaintiff" or "Ouyeinc"), by and through his attorneys, Barney & Karamanis, LLP, and in response to Defendant Sanmubo Hat's Motion to Dismiss Pursuant to Rule 12(b)(2), Plaintiff states as follows:

## INTRODUCTION

Plaintiff filed this action against Defendants[1] alleging trademark infringement and counterfeiting, false designation of origin, and state claims under the Illinois Uniform Deceptive Practices Act. Among the named Defendants is Defendant Internet Store Sanmubo Hat (hereinafter, "Defendant" or "Sanmubo Hat"), a Joom Internet store that was offering for sale counterfeit products featuring Ouyeinc's registered trademarks (the "Pro-Wax100 Marks") to Illinois residents.

On June 26, 2020, this Court, finding that evidence submitted by Ouyeinc demonstrated an immediate and irreparable injury, loss, or damage to Ouyeinc and a strong likelihood of

---

[1] Defendants are operating the Online Marketplace Accounts and Defendant Domain Names (collectively, the "Defendant Internet Stores") listed in Schedule A to the Amended Complaint [7].

success on the merits, properly exercised jurisdiction over Defendants and granted Ouyeinc's Ex Parte Motion for Entry of a Temporary Restraining Order (the "TRO") [6]. On July 17, 2020, Defendant Sanmubo Hat filed a Motion to Dismiss [24], alleging lack of personal jurisdiction (the "Motion"). The Court's entry of the TRO was correct both on its facts and in the law, and the Motion should be denied. Specifically, jurisdiction exists over Sanmubo Hat since it reached out to do business with Illinois residents by operating one or more commercial, interactive Internet stores through which Illinois residents could purchase counterfeit products featuring Ouyeinc's registered trademarks. *See Illinois v. Hemi Group LLC*, 622 F.3d 754 (7th Cir. 2010).

## BACKGROUND

### A. Plaintiff

Ouyeinc is a worldwide leader in the business of developing, marketing, selling and distributing Wax Warmer products. Declaration of Rongji Ge (the "Ge Dec.") at ¶ 3 attached hereto as Exhibit 1. Ouyeinc's Pro-Wax100 family of products has achieved substantial commercial success. *Id*. at ¶ 5. Worldwide retail sales now exceed US$20,000,000 per year worldwide since 2017. *Id*. Ouyeinc's Pro-Wax100 brand has established itself as the best-selling wax warmer brand in the U.S. by unit volume in the measured home spa beauty market. *Id*. Millions of dollars' worth of Ouyeinc's Pro-Wax100 family of products have been sold to United States residents through various online marketplaces including Amazon.com. *Id.*

### B. Joom Platform

Sanmubo Hat is a commercial Internet Store on the global marketplace Joom.com ("Joom"). The Joom platform is similar to other worldwide marketplaces, such as Alibaba, which are notorious for selling counterfeit products. Joom is a global retail marketplace for

international sellers to target and sell to consumers worldwide, many of them located in the United States.

All prices on Joom are quoted in U.S. dollars when accessing the site from the United States, and a variety of options are available for shipping products to the United States. Joom Webpage printout attached hereto as Exhibit 2. When listing a product for sale, Joom sellers also agree to comply with the "Terms of Service," which requires that a seller "is responsible for observing applicable laws and regulations, Joom's policies and procedures, shipping restrictions and any other restrictions applicable to the items and the selling process, including, but not limited to all applicable local regulations and standards regarding marking of products and any other labelling required by the law where such requirements are applicable." *See* Ex. 4 § 3. It further warns sellers "Restricted Activities: Your Content and your use of the Site: [ . . . ] Must not infringe any third-party's copyright, patent, trademark, trade secret or other proprietary or intellectual property rights or rights of publicity or privacy." *Id*. at *§ 8.2*. Joom also has a predominately featured "Prohibited, Questionable and Infringing Items and Activities" to warn sellers about violating intellectual property rights. *Id*. at *§ 8*.

As part of its counterfeit enforcement program, Plaintiff Ouyeinc went through the purchase process, up until the actual purchase, confirming that the Defendant would in fact sell and ship the counterfeit product to the designated jurisdiction in Downers Grove, Illinois. *See* Ex. 2 and 3. The product in question was a Counterfeit Wax Warmer Product that was to be shipped to Illinois. *Id*.

### C.  Sanmubo Hat's Counterfeiting Activities and Targeting Illinois Residents

Sanmubo Hat is a Joom Internet store offering Counterfeit Pro-Wax100 Products for sale to United States and Illinois residents. *See* Ex. 2. The Counterfeit Pro-Wax100 Product images confirm Sanmubo Hat's improper use of the Pro-Wax100 Trademarks. *Id*.

Sanmubo Hat elected to do business with the United States by affirmatively selecting to ship the Counterfeit Pro-Wax100 products to the United States, including Illinois, with free shipping and an estimated delivery time of 10-20 days. *See also* Ex. 2 and 3.

Ouyeinc's investigator went through the process of ordering, up to finalizing, on Joom for a Counterfeit Pro-Wax100 Product. *See* Ex. 2. Sanmubo Hat described the item as a "Hair Removal Wax Heater Kit Set Elaborately Selected 3-in-1 Beauty Hair Removal Wax Beans Wax Heate" and offered it for sale at $58. *Id*. The "My Cart" section of the page confirms the Downers Grove, Illinois shipping address. *Id*. The delivery time is listed just above the product description.[2] *Id*.

## ARGUMENT

### A. This Court has jurisdiction over Sanmubo Hat based on its offer of sales to Illinois consumers and business practices throughout the United States.

The Court has jurisdiction over Sanmubo Hat because the properly pled facts and evidence Ouyeinc presented, even without the benefit of formal discovery, established that Sanmubo Hat targeted its business activities toward consumers in Illinois by operating a commercial, heavily interactive, Internet store to lure Illinois residents into purchasing Counterfeit Pro-Wax100 Products.

---

[2] The Lanham Act does not require a completed purchase for actionable infringement to exist – an offer for sale is sufficient. See infra Section III.A.3.a. Ouyeinc's investigator did not submit a payment for the Counterfeit Pro-Wax100 Products because any payment submitted to Sanmubo Hat further supports its counterfeiting operation. Upon information and belief, Chinese based Internet Store operators hold most of their assets in China, making it easy to hide or dispose of assets. For example, many Defendants in previous, similar cases have failed to satisfy the judgments entered against them. Further, the hundreds of similar counterfeit Internet Stores encountered by Ouyeinc make sending payments to each of them logistically unfeasible.

(1) Personal Jurisdiction Legal Background

Plaintiff only bears the burden of making a *prima facie* case for personal jurisdiction, and in ruling on the motion the Court should consider all of the facts asserted in Plaintiff's pleadings as true and any factual determinations should be resolved in its favor. *See Purdue Research Found. v. Sanofi-Sythelabo*, S.A., 338 F.3d 773, 782 (7th Cir. 2003) ("Jurisdictional allegations pleaded in the complaint are accepted as true unless proved otherwise by defendants' affidavits or exhibits."). Where no federal statute authorizes nationwide service of process, personal jurisdiction is governed by the law of the forum state. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010) (citing Fed. R. Civ. P. 4(k)(1)(A)).

Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities. *Tamburo*, 601 F.3d at 702 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). The exercise of specific personal jurisdiction must also comport with traditional notions of fair play and substantial justice. *Id*. (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A foreign corporation availing itself of "the benefits of an economic market in the forum State" is sufficient to establish personal jurisdiction "even if it has no physical presence in the State." *Quill Corp. v. North Dakota*, 504 U.S. 298, 307 (1992).

The Seventh Circuit's decision in *Illinois v. Hemi Group LLC*, 622 F.3d 754 (7th Cir. 2010) is instructive in this case because Sanmubo Hat purposefully availed itself of the privilege of conducting business in Illinois. In that case, Hemi Group LLC ("Hemi") was a company based in New Mexico that sold discount cigarettes over the Internet. *Id*. at 755. Hemi did not specifically single out Illinois residents on its websites, was not registered to do business in

Illinois, and did not have offices or employees in Illinois. *Id*. at 756. Instead, the only forum

contacts alleged in the State of Illinois' complaint were Hemi's offer for sale and sale of

cigarettes to an agent from the Illinois Department of Revenue. *Id*. at 755. Hemi's websites

advertised its products to customers in every state except New York. *Id*. Based on these contacts,

the Seventh Circuit affirmed the district court's assertion of specific personal jurisdiction over

Hemi:

> Hemi created several commercial, interactive websites through which customers
> could purchase cigarettes from Hemi. Hemi held itself out as open to do business
> with every state (including Illinois) except New York. After the customers made
> their purchases online, Hemi shipped the cigarettes to their various destinations. It
> is Hemi reaching out to residents of Illinois, and not the residents reaching back,
> that creates the sufficient minimum contacts with Illinois that justify exercising
> personal jurisdiction over Hemi in Illinois.

*Hemi Group LLC*, 622 F.3d at 758. *See also Valtech, LLC v. 18th Ave. Toys Ltd*., 2015

U.S. Dist. LEXIS 17138, at *11-12 (N.D. Ill. Feb. 12 2015) (holding that there was no evidence

that contacts with Illinois were "fortuitous," because "[d]efendants aimed their alleged tortious

products to residents in all fifty states and 'made [their] services available to anyone by way of

[their] website[s]", even through Amazon.com); *Virgin Enters. v. Jai Mundi, Inc*., 2014 U.S.

Dist. LEXIS 98437, at *10 (N.D. Ill. July 18, 2014) (the court applied *Hemi Group* to determine

that personal jurisdiction was proper over a defendant that was offering to sell and selling goods

over the Internet that were infringing a trademark); *Dental Arts Lab., Inc. v. Studio 360 the

Dental Lab, LLC*, 2010 U.S. Dist. LEXIS 124029 at *17-18 (N.D. Ill. Nov. 23, 2010) (finding

that company holding itself open to selling products to residents of any state, including Illinois,

had purposefully availed itself of the privilege of conducting activities in Illinois); *Chloé v.

Queen Bee of Beverly Hills*, 616 F.3d 158, 171 (2d Cir. 2010) (finding that interactive,

commercial website selling counterfeit handbags purposefully availed itself of the privilege of

conducting activities within the forum state); *Andra v. Left Gate Property Holding, Inc*., 453 S.W.3d 216, 229 (Mo. Feb. 24, 2015) (citing *Hemi Group* and finding that defendant's eBay transactions with Missouri residents created intentional, substantial connections with Missouri).

In light of *Hemi Group*, the Court in *Deckers Corp. v. Does 1-500* found that personal jurisdiction existed over China based defendants operating commercial, interactive Internet stores offering to sell counterfeit products to the United States, including Illinois. *Deckers Corp. v. Does 1-500*, No. 1:11-cv-00010 (N.D. Ill. Oct. 14, 2011) (Docket No. 69) (unpublished). Since *Deckers Corp.*, hundreds of cases have properly exercised jurisdiction over defendants operating commercial, interactive Internet stores offering to sell counterfeit products to the United States, including Illinois. *See, e.g., Coach, Inc. and Coach Services, Inc. v. The Partnerships, et al.*, No. 1:14-cv-09924 (N.D. Ill. Feb. 12, 2015) (Lefkow, J.).

    (2)  <u>Sanmubo Hat's Unsupported Declaration Is Insufficient to Rebut This Court's Finding that Personal Jurisdiction Is Proper</u>

In ruling on Plaintiff's Motion for Temporary Restraining Order, this Court has already made an initial finding that personal jurisdiction exists over Defendants, including, but not limited to, Sanmubo Hat. If this Court is inclined to extend that ruling here based on Plaintiff's arguments herein, Sanmubo Hat bears the burden of establishing that the Court lacked jurisdiction in the first instance and must present facts that rebut Ouyeinc's *prima facie* case with affidavits or exhibits in opposition to the exercise of jurisdiction. *Purdue Research Found*., 338 F.3d at 782.

Sanmubo Hat's Memorandum [24] is supported only by the Declaration of Qiaolin Zhang [24]. Arguments in a brief, unsupported by documentary evidence, are not evidence. *Medallion Prods. v. McAlister*, 2008 U.S. Dist. LEXIS 80550, at *8 (N.D. Ill. Oct. 9, 2008) ("As it must, the court has disregarded any unsupported factual statements") (citing *United States v. Stevens*,

500 F.3d 625, 628-29 (7th Cir. 2007)). Sanmubo Hat submitted no other evidence to support its

claims. Accordingly, Sanmubo Hat's declaration is insufficient to rebut Ouyeinc's *prima facie*

case of personal jurisdiction.[3]

    (3) <u>Sanmubo Hat Purposefully Availed Itself of Jurisdiction in Illinois through its
Intentional Actions Targeting Illinois.</u>

Even if Sanmubo Hat's unsubstantiated declaration is given consideration, the evidence

in this case confirms that personal jurisdiction was properly asserted over Sanmubo Hat in

Illinois.

    *(a)    Sanmubo Hat's Offer for Sale of Counterfeit Products on Its Joom Internet
Store Constitutes Tortious Activity Committed in Illinois*

The Illinois long-arm statute provides that torts committed in Illinois by a defendant

authorize the exercise of specific jurisdiction over that defendant. 735 ILCS § 5/2-209(a)(2).

Under the plain language of 15 U.S.C. § 1114 – an offer to sell an infringing or counterfeit item,

even without any other activity, establishes liability for trademark infringement and

counterfeiting. *Levi Strauss v. Shilon*, 121 F.3d 1309, 1312 (9th Cir. 1997). Displaying photos of

an item for sale, and inviting potential purchasers to place an order and buy the product through

an Internet store is an offer for sale. *See Milo & Gabby, LLC v. Amazon.com, Inc.*, 2015 U.S.

Dist. LEXIS 92890, at *35 (W.D. Wash. July 16, 2015).

As such, Sanmubo Hat's offer for sale of Counterfeit Pro-Wax100 Products on its Joom

Internet store constitutes tortious activity committed in Illinois. "As long as one tortious act is

committed in Illinois, the courts of the state, and thus this Court, may exercise personal

jurisdiction over Defendant." *Dental Arts Lab.*, 2010 U.S. Dist. LEXIS 124029, at *7. *See also*

---

[3] If, however, the Court believes an evidentiary hearing is necessary to resolve factual disputes, Ouyeinc would
welcome the opportunity to present their evidence at such a hearing to assess the credibility of Ouyeinc's evidence
in contrast to the unsubstantiated, self-serving declaration submitted by Sanmubo Hat. *See Durkan Am., LLC v.
Rain Trading, Inc.*, No. 14-3016, 2015 U.S. App. LEXIS 9240, *5-6 (7th Cir. June 3, 2015).

*Gucci Am., Inc. v. Exclusive Imps. Int'l*, 2007 U.S. Dist. LEXIS 19532, at *27-28 (S.D.N.Y. Mar. 14, 2007) ("Offering one copy of an infringing work for sale in New York, even if there is no actual sale, constitutes commission of a tortious act within the state sufficient to imbue this Court with personal jurisdiction") (internal citations omitted).[4]

(b)    *The Facts Are Directly Analogous to the Controlling Illinois v. Hemi Group LLC Case*

In *Hemi Group*, the defendant was sued by the State of Illinois for selling cigarettes to Illinois residents in violation of Illinois state laws and in violation of federal reporting laws. *Hemi Group*, 622 F.3d at 755. Here, Plaintiff sued Sanmubo Hat for violation of federal law and Illinois state law related to trademark infringement and counterfeiting. As in *Hemi Group*, Ouyeinc's claims arise out of Sanmubo Hat's forum-related activities and contacts with Illinois residents.

Further, as was the case in *Hemi Group*, Sanmubo Hat's intentional actions created contacts with Illinois residents. Hemi Group operated a nationwide business model where they

---

[4] In the Northern District of Illinois, Judges have dealt with similar cases under similar circumstances.  This is list of just a few of the cases in this District: *Richemont International SA et al v. The Partnerships and Unincorporated Associations Identified on Schedule "A", No. 1:19-cv-07924 (N.D. Ill. February 5, 2020)*(Judge Martha M. Pacold); *Christian Dior Couture, S.A. v. The Partnerships and Unincorporated Associations Identified on Schedule "A", No. 1:19-cv-07303 (N.D. Ill. January 8, 2020)*(Judge Thomas M. Durkin); *Fitness Anywhere LLC v. The Partnerships and Unincorporated Associations Identified on Schedule "A", No. 1:19-cv-04155 (N.D. Ill. September 25, 2019)*(Judge John Z. Lee); *Games Workshop Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A", No. 1:19-cv-03821 (N.D. Ill. August 28, 2019)*(Judge Virginia M. Kendall); *Crave Products, Inc. v. Partnerships and Unincorporated Associations Hon. Identified on Schedule "A", The, No. 1:19-cv-01765 (N.D. Ill. July 16, 2019)*(Judge Gary Feinerman); *Entertainment One UK Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A", No. 1:19-cv-02516 (N.D. Ill. June 27, 2019)*(Judge Ronald A. Guzman); *MERCIS B.V. v. The Partnerships and Unincorporated Associations Identified on Schedule "A", No. 1:19-cv-01226 (N.D. Ill. May 16, 2019)*(Judge Jorge L. Alonso); *Luxottica Group S.p.A. et al v. The Partnerships and Unincorporated Associations Identified on Schedule "A", No. 1:19-cv-00564 (N.D. Ill. April 9, 2019)*(Judge Manish S. Shah); *Pink Floyd (1987) Limited v. The Partnerships and Unincorporated Associations Identified on Schedule "A", No. 1:18-cv-08023 (N.D. Ill. March 26, 2019)*(Judge Matthew F. Kennelly); *Chrome Hearts LLC v. The Partnerships and Unincorporated Associations Identified on Schedule "A", No. 1:18-cv-07670 (N.D. Ill. February 8, 2019)*(Judge Edmond E. Chang)

intentionally created and operated several commercial, interactive websites to offer products for sale and allow online orders from Illinois residents. *Hemi Group*, 622 F.3d at 757-58. Similarly, in this case, Sanmubo Hat intentionally created and operated a commercial, fully interactive Joom Internet store through which Counterfeit Pro-Wax100 Products could be purchased, including affirmatively offering to ship Counterfeit Pro-Wax100 Products to United States and Illinois residents. In doing so, Sanmubo Hat expressly elected to do business with the residents of all fifty states, including Illinois, the fifth most populous state. *See Hemi Group*, 622 F.3d at 758; *see, also, uBid, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 428 (7th Cir. 2010).

Moreover, courts have expressly declined to classify actions such as those perpetrated by Sanmubo Hat as "utterly fortuitous" or "unilateral." Sanmubo Hat "aimed their alleged tortious products to residents in all fifty states and 'made [their] services available to anyone by way of [their] website[s],'" and "[c]haracterizing the sales as unilateral is misleading . . . because it ignores several of [Defendants'] own actions that led up to and followed the sales." *Valtech, LLC*, 2015 U.S. Dist. LEXIS 17138, at *12. *See also Hemi Group*, 622 F.3d at 758; *Ty, Inc. v. Baby Me, Inc.*, 2001 U.S. Dist. LEXIS 5761, at *14 (N.D. Ill. Apr. 20, 2001) (finding that there was no evidence to support defendant's argument that sales were pretextual).

Further, by posting the Counterfeit Pro-Wax100 Products, Sanmubo Hat agreed to Joom's Terms of Service for Chinese Merchants and was aware that offering to sell items may be prohibited because of laws outside of the jurisdiction where they reside. *See* Ex. 4 at §8. Therefore, as in *Hemi Group*, Sanmubo Hat should have foreseen being subject to litigation in the United States, including Illinois, as a result of posting and offering to sell Counterfeit Pro-Wax100 Products.

"*Hemi [Group]* also shows that the precise dollar value of Defendants' sales to Illinois customers—either as an absolute number or as a percentage of total sales—is not dispositive for purposes of determining whether specific personal jurisdiction exists." *Virgin Enters.*, 2014 U.S. Dist. LEXIS 98437, at *12. *Cf. Daimler AG v. Bauman*, 134 S.Ct. 746, 762 n.20 (2014) ("General jurisdiction . . . . calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide"). *See also Dental Arts Lab.*, 2010 U.S. Dist. LEXIS 124029, at *7 ("That Defendant's sales in Illinois form a relatively small part of its business is irrelevant to the personal jurisdiction analysis under these circumstances. Each time that Defendant used its allegedly-confusing name in Illinois a tortious act allegedly was committed."); *Ty, Inc.*, 2001 U.S. Dist. LEXIS 5761, at *14 ("[Defendant] claims that, at best, it only engaged in sporadic commercial activity in Illinois. The fact that [defendant's] contacts may have been limited does not, however, automatically mean that its contacts with Illinois were so minimal that it could not reasonably expect to be haled into an Illinois court."); *Vesuvius Techs., LLC v. ServerCentral, Inc.*, 2013 U.S. Dist. LEXIS 63644, at *21 (E.D. Wisc. May 3, 2013) (applying *Hemi Group* to case involving Internet-based seller who sold products to Wisconsin residents, without evidence that defendant ever physically shipped anything into Wisconsin).

Here, Sanmubo Hat reached out to do business with Illinois residents, was ready to receive orders from Illinois residents with Illinois shipping addresses[5] on its Joom store, and was knowingly ready to receive payment to complete the orders. *See* Exhibit 2 and 3. Accordingly, both Sanmubo Hat's forum-related activities and its intentional and purposeful contacts with Illinois residents subject it to personal jurisdiction in Illinois.

---

[5] *See Hill v. Shell Oil Co.*, 209 F. Supp. 2d 876, 880 (N.D. Ill. 2002) (lawyers can employ persons to play the role of customers seeking services on the same basis as the general public and can record protected employees going about their activities in what those employees believe is the normal course); *Cartier v. Symbolix, Inc.*, 386 F. Supp. 2d 354, 362 (S.D.N.Y. 2005).

Alternatively, if this Court finds that Defendant Sanmubo Hat did not engage in sufficient activities to allow Illinois to exercise personal jurisdiction, this Court will still have personal jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2) ("Rule 4(k)(2)"). Rule 4(k)(2) provides for personal jurisdiction through nationwide service of process over any defendant provided that: (1) the plaintiff's claims are based on federal law; (2) no state court could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction is consistent with the laws of the United States; and (4) the exercise of jurisdiction is consistent with the Constitution. *Cent. States, Southeast and Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000). Rule 4(k)(2) extends federal jurisdiction over non-resident defendants having sufficient contacts with the United States as a whole, but having insufficient contact with any single state to support jurisdiction. Fed. R. Civ. P. 4(k)(2) advisory committee's note (citing *Omni Capital Int. 'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 111 (1987)). The first element of Rule 4(k)(2) is satisfied here because Ouyeinc's claims arise under federal trademark law. Likewise, the second element is satisfied because Sanmubo Hat has not named a suitable forum state. *See Robert Bosch LLC v. Trico Prods. Corp.*, 2013 U.S. Dist. LEXIS 103311, at *6 (N.D. Ill. July 24, 2013). The third and fourth elements of the Rule 4(k)(2) analysis require the same minimum contacts due process analysis conducted under Rule 4(k)(1)(A), the only difference being that the relevant forum is the United States as a whole, not an individual State. *Id*. at *5. As such, the third and fourth elements are satisfied here for the same reasons that satisfy the minimum contacts analysis required by Rule 4(k)(1)(A). See Section III.A.3.

      (4) <u>Personal Jurisdiction Over Sanmubo Hat Satisfies Traditional Notions of Fair Play and Substantial Justice</u>

The exercise of personal jurisdiction over Sanmubo Hat complies with traditional notions of fair play and substantial justice. *See Tamburo*, 601 F.3d 693 at 709 (citing *Int'l Shoe*, 326 U.S. at 316). Relevant considerations in this "final look at fairness" include the burden on Sanmubo Hat, the forum state's interest in adjudicating the dispute, Ouyeinc's interest in obtaining convenient and effective relief, the interstate judicial system's interest in efficiently resolving controversies, and the shared interest of the states in furthering fundamental substantive social policies. *Virgin Enters.*, 2014 U.S. Dist. LEXIS 98437, at *15-16. These factors rarely will justify a determination against personal jurisdiction. *Id.* (citing *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 781 n.10 (7th Cir. 2003)).

Under both the Illinois Long Arm Statute and Rule 4(k)(2), notions of fair play and substantial justice are satisfied in this case because Ouyeinc distributes its Pro-Wax100 Products through various online retailers serving Illinois and United States customers. Ge Dec. at ¶¶ 6. Illinois has a strong interest in protecting Illinois consumers from being duped into purchasing Counterfeit Pro-Wax100 Products. Furthermore, modern transportation and communications have made it much less burdensome for a party to defend itself in a State where they derive economic benefits, and it usually will not be unfair to subject them to the burdens of litigating in another forum.[6] *Burger King*, 471 U.S. at 474. Likewise, Sanmubo Hat has already retained local counsel and engaged in motion practice in this Court. *See Virgin Enters.*, 2014 U.S. Dist. LEXIS 98437, at *16. Given that Sanmubo Hat had sufficient resources to purposefully avail itself of the Illinois market, it should have reasonably foreseen being subjected to jurisdiction and haled into court in Illinois. As such, there is no unfairness in requiring Sanmubo Hat to defend a lawsuit in

---

[6] Chicago's two international airports and dozens of law firms practicing intellectual property law minimize Sanmubo Hat's burden of having to defend this litigation in Illinois.

this Court. *Hemi Group*, 622 F.3d at 758 ("Hemi wants to have its cake and eat it, too: it wants the benefit of a nationwide business model with none of the exposure.").

### (5) Cases Cited by Sanmubo Hat Are Distinguishable

Despite its factual similarities to this case, Sanmubo Hat does not appropriately distinguish *Hemi Group*. Instead, Sanmubo Hat incorrectly applies *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A., 623 F.3d (7th Cir. 2010),* stating that the "Seventh Circuit applies the 'express aiming' test which asks 'whether the defendant intentionally aimed its conduct at the forum state, rather than on the possibly incidental and constitutionally irrelevant effects of that conduct on the plaintiff.'" *Mobile*, 623 F.3d at 444-45, 445 n.1 (citing *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)). This court has a clear history of holding online businesses that offer their goods for sale nation-wide to a different standard. "There is no *per se* requirement that the defendant especially target the forum in its business activity; it is sufficient that the defendant reasonably could foresee that its product would be sold in the forum." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 399 (7th Cir. 2020).

This is clearly analogous to the instant case. Sanmubo Hat's Memorandum [Dkt. 24] concludes that "Plaintiff failed to show that Defendant's online store, despite being interactive, specifically targets or is directed toward the State of Illinois." As evidenced, this is not necessary, rather, "it is sufficient that the defendant reasonably could foresee that its product would be sold in the forum." *Id*. at 399. In this case, jurisdiction is based on Sanmubo Hat's offer for sale of Counterfeit Pro-Wax100 Products to Illinois residents, which was reasonably foreseeable and linked to Sanmubo Hat's tortious activity.

## CONCLUSION

For the aforementioned reasons and argument, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. 24][7] and require that it answer Plaintiff's Complaint.

Respectfully submitted,

/s/ James A. Karamanis
James A. Karamanis (ARDC# 6203479)
Kenneth A. Nazarian (ARDC# 6309765)
Barney & Karamanis, LLP
Two Prudential Plaza
180 N. Stetson, Ste 3050
Chicago, IL 60601
Tel.: 312/553-5300
James@bkchicagolaw.com
ken@bkchicagolaw.com

*ATTORNEY FOR PLAINTIFF Ouyeinc Ltd.*

---

[7] If, however, this Court determines that Ouyeinc did not establish a *prima facie* case of personal jurisdiction, Ouyeinc requests the opportunity to conduct jurisdictional discovery and an evidentiary hearing. *See Black & Decker, Inc. v. Shanghai Xing Te Hao Indus. Co.*, 2003 U.S. Dist. LEXIS 10127, at *12 (N.D. Ill. June 13, 2003) ("[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous.") (internal quotation marks omitted).